**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| REBECCA D. HORSECHIEF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, *ex rel.* ) | Case No. 10-CV-614-JHP-TLW |
| THE DEPARTMENT OF HEALTH ) | |
| AND HUMAN SERVICES *ex. rel.* ) | |
| INDIAN HEALTH SERVICES; ) | |
| JOSEPH J. BACK, D.O.; CLAUDE ) | |
| DENIZE, P.A.; and SHEILA M. ) | |
| TABOR, D.O., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Before the Court is Defendant Sheila Tabor, D.O.'s ("Tabor") Motion to Dismiss [Doc. No. 75]; Plaintiff Rebecca Horsechief's Response to Tabor's Motion to Dismiss [Doc. No. 76]; and Tabor's Reply to Plaintiff's Response to Tabor's Motion to Dismiss [Doc. No. 76]. Also before the Court is Plaintiff's Motion for Court to Give Notice to the Oklahoma Attorney General [Doc. No. 77]. After review of the briefs, and for the reasons stated below, Tabor's Motion to Dismiss [Doc. No. 75] is **DENIED**. Further, Plaintiff's Motion for Court to Give Notice to the Oklahoma Attorney General is **DENIED** as **MOOT**.[1]

**BACKGROUND**

Plaintiff filed this action against Defendants United States of America, *ex rel.* The Department of Health and Human Services *ex. rel.* Indian Health Services, Joseph J. Back, D.O.,

---

[1] Because Defendant's Motion to Dismiss is denied based on application of federal law, Plaintiff's assertion that 12 Okla. Stat. § 19 violates the Oklahoma Constitution need not be addressed. For the same reason, Plaintiff's Motion for Court to Give Notice to the Oklahoma Attorney General is denied as moot.

Claude Denize, P.A., and Tabor asserting medical negligence claims against each defendant arising from an alleged failure to properly diagnose and treat Plaintiff's medical condition. On July 24, 2012, Tabor moved to dismiss Plaintiff's claims against her, claiming that Plaintiff failed to comply with the state pleading requirements prescribed by 12 Okla. Stat. § 19.

## DISCUSSION

Pursuant to 12 Okla. Stat. § 19, a plaintiff in a professional negligence action is required to attach an affidavit attesting that the plaintiff has consulted with a qualified expert and obtained that expert's written opinion regarding the merits of plaintiff's claim. *Id* at § 19(A)(1). If a plaintiff fails to attach the required affidavit, the state court is required, upon defendant's motion, to dismiss plaintiff's claims without prejudice. *Id.* at § 19(A)(2).

A federal court sitting in diversity must apply state substantive law, but procedural matters are governed by federal law. *Erie v. Tompkins,* 304 U.S. 64, 78, 92 (1938); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832 (10th Cir. 2003); *Boyd Rosene & Assoc., Inc. v. Kansas Mun. Gas Agency,* 174 F.3d 1115 (10th Cir. 1999). However, the application of *Erie* does not simply turn on whether a state statute can be characterized as procedural or substantive. *Hefley v. Textron, Inc.,* 713 F.2d 1487, 1497 (10th Cir. 1983). One of the key purposes of the *Erie* doctrine is to ensure that "the outcome of the litigation in federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court." *Guaranty Trust Co. of New York v. York,* 326 U.S. 99, 109, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945).

When state law mandates a different procedure from the Federal Rules of Civil Procedure, a district court must determine whether the state and federal rules are in direct conflict. *Trierweiler v. Croxton & Trench Holding Corp.,* 90 F.3d 1523, 1539 (10th Cir.1996).

It is not enough for the federal and state rules to simply overlap. *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1539-40 (10th Cir. 1996). Rather, it is "whether, when fairly construed, the scope of [the Federal Rule] is 'sufficiently broad' to cause a 'direct collision' with the state law or, implicitly, to 'control the issue' before the court, thereby leaving no room for the operation of [the state] law." *Burlington Northern R.R. Co. v. Woods,* 480 U.S. 1, 4-5 (1987) (quoting *Walker v. Armco Steel Corp.,* 446 U.S. 740, 749-50 (1980); *Hanna,* 380 U.S. at 471-472). If a Federal Rule of Procedure comes into direct conflict with a state procedural rule, a federal court sitting in diversity must apply the federal rule. *Hanna v. Plumer,* 380 U.S. 460, 471 (1965) (Fed.R.Civ.P. 4 should be used to determine appropriate methods for service of process in diversity cases even when service does not comply with state law governing service of process); *Sims v. Great American Life Ins. Co.,* 469 F.3d 870, 877 (10th Cir. 2006) (*Erie* is inapplicable when state law comes into conflict with a Federal Rule of Civil Procedure).

Here, the Court finds that 12 Okla. Stat. § 19 is in direct conflict with Fed.R.Civ.P. 8. 12 Okla. Stat. § 19 imposes an additional requirement on professional negligence pleadings, the attachment of an affidavit at the time of filing, not required by Fed.R.Civ.P. 8. The affidavit requirement imposed by Oklahoma's pleading standards interfers with the operation and application of Fed.R.Civ.P. 8.; accordingly, Plaintiff is not required to submit the affidavit requried by 12 Okla. Stat. § 19 in federal court. *See Spottedcorn v. Advanced Corr. Healthcare, Inc.*, CIV-11-1096-C, 2011 WL 6100653 (W.D. Okla. Dec. 7, 2011); *Estate of C.A. v. Grier,* 752 F.Supp.2d 763, 770–71 (S.D. Tex. 2010); *Long v. Adams,* 411 F.Supp.2d 701, 709 (E.D. Mich. 2006) (refusing to apply Michigan's affidavit of merit requirement in a diversity malpractice suit); *Baird v. Celis,* 41 F.Supp.2d 1358, 1361 (N.D. Ga. 1999) (finding expert affidavit in direct conflict with pleading standards required by Fed.R.Civ.P. 8(a)); *Braddock v.*

*Orlando Reg'l Health Care Sys., Inc.,* 881 F.Supp. 580, 583–84 (M.D. Fla.1995); *Boone v. Knight,* 131 F.R.D. 609, 611 (S.D. Ga.1990).

The Court does not find the Tenth Circuit's holding in *Trierweiler v. Croxton & Trench Holding Corporation* instructive because the procedure mandated by the Colo.Rev.Stat. § 13-20-602, a requirement that plaintiffs file certificates of review within 60 days of serving the complaint, did not conflict with federal procedure. 90 F.3d at 1537-38. The *Trierweiler* court explained that the state procedural rule and the federal rule could "exist side by side, ... each controlling its own intended sphere of coverage without conflict." *Id.* at 1540. Here, the statute requires the attachment of an affidavit to the petition, which makes this statute distinguishable from the Colorado statute in question in *Trierweiler*. To be sure, as illustrated by the instant case, 12 Okla. Stat. § 19 cannot exist without conflict with Fed.R.Civ.P. 8. Accordingly, Tabor's Motion to Dismiss Plaintiff's negligence claim will be denied.

## CONCLUSION

For the reasons set forth above, Tabor's Motion to Dismiss [Doc. No. 75] is **DENIED.** Further, Plaintiff's Motion for Court to Give Notice to the Oklahoma Attorney General [Doc. No. 77] is **DENIED** as **MOOT**.

James H. Payne
United States District Judge
Northern District of Oklahoma